UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Buddy Crow, Jr., | ) C/A No. 9:10-1206-RBH-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Sgt. Rosemary Sanders, | ) |
| Defendant. | ) |

This action has been brought by the plaintiff, a detainee at the Berkeley County Detention Center, *pro se*. From Plaintiff's filings, it is apparent that he is incarcerated on a pending Family Court matter. The defendant is a sergeant at the Berkeley County Detention Center.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro*

1



*se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the § 1983 complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of Plaintiff's alleged lack of access to a law library and legal materials. The plaintiff states that he asked the defendant for "access to law library and legal materials," but that his request was denied. The plaintiff writes: "Sgt. Sanders told me 'no' that if I had any questions I should write the deputy clerk of court Sandra Hollings or have my family research what ever questions I wanted answers to." The plaintiff seeks "enforcement" of a Supreme Court ruling that inmates and prisoners have a legal right to access a law library and legal materials, and also seeks $25,000 in monetary damages.

A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Here, the plaintiff's claims relating to the law library are foreclosed by circuit case law, as the United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Magee v. Waters*, 810 F.2d at 452. *See also Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975).

Moreover, the plaintiff has not alleged a specific injury from his lack of access to legal materials at the Berkeley County Detention Center. *See Magee v. Waters*, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"); and *Cruz v. Hauck*, 515 F.2d at 331-33 & nn. 16-18. In other words, a plaintiff must show an "actual injury" resulting from the loss or absence of his or her legal materials. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1040-41 & nn. 24-25 (3rd Cir. 1988); and *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989) (collecting cases).[2] *Cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) ((holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded)); and *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

---

[2]*See also Harrell v. Keohane*, 621 F.2d 1059 (10th Cir. 1980), and *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978).



## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

May 24, 2010  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

4



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

