IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James Buddy Crow, Jr., | ) | Civil Action No.: 9:10-cv-01206-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Rosemary Sanders, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983 alleging a lack of access to a law library and legal materials. Plaintiff is currently detained at the Berkeley County Detention Center ("BCDC"). From Plaintiff's filings, it is apparent that he is incarcerated on a pending family court matter. *See* Grievance Form [Docket Entry 1-1] at 1.

This matter is now before the court with the [Docket Entry 8] Report and Recommendation of United States Magistrate Judge Bristow Marchant[1] filed on May 24, 2010. In his Report, the Magistrate Judge recommended that the court should dismiss Plaintiff's complaint without prejudice and without issuance and service of process. *See* Report at 4. Plaintiff timely filed objections to the Report. *See* Obj. [Docket Entry 10].

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In the "Statement of Claim" section of his [Docket Entry 1] Complaint, Plaintiff alleged the following: "Asked for access to law library and legal materials. Sgt. Sanders told me 'no' that if I had any questions I should write the deputy clerk of Court Sandra Hollings or have my family research what ever questions I wanted answers to." Compl. at 3. For relief, Plaintiff asks this court to "[e]nforce U.S. Supreme Court ruling that Inmates/prisoners have legal right to access to law library and legal material." Compl. at 4. Plaintiff further seeks an award of damages in the amount of $25,000 "for violation of civil rights." *Id.*

In his Report, the Magistrate Judge recommended summary dismissal of Plaintiff's Complaint. First, the Magistrate Judge found that Plaintiff's claim relating to the law library is foreclosed by Fourth Circuit case law which holds that "the Constitution of the United States does not require every local jail to have a law library." Report at 8 (citing *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)). Second, the Magistrate Judge found that Plaintiff "ha[d] not

2

alleged a specific injury from his lack of access to legal materials at the Berkeley County Detention Center." Report at 3. Plaintiff objected to both of these recommendations.

Plaintiff argues in his objections that the *Magee* case, which holds that county jails are not required to have legal libraries, is inapplicable in this case. Plaintiff argues that because the BCDC "regularly hold[s] pre-trial detainees for periods in excess of one year . . . [t]his is no 'brief confinement,'" and therefore the BCDC should be required to maintain a law library. Obj. at 1. Plaintiff also contends that the fact that he has had time to file this claim with the court, and the Magistrate Judge has had time to issue a Report and Recommendation on the claim, shows that Plaintiff's confinement is not brief and therefore *Magee* should be inapplicable. The court overrules this objection.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the United States Supreme Court "has never directly addressed whether the right of access to the courts applies at all to inmates in local jails." *Strickler v. Waters*, 989 F.2d 1375, 1385 (4th Cir. 1993). The Fourth Circuit has unambiguously held that:

> In discussing a situation quite like the one before us, the Fifth Circuit, in *Cruz v. Hauck*, 515 F.2d 322 (5th Cir. 1975), took account that county jails . . . are generally short-term holding facilities confining individuals serving misdemeanor sentences or awaiting trial or transfer to prisons, and that, in the case of individuals not awaiting trial, the confinement may be so brief as to make it reasonable for them to await transfer to a permanent facility before petitioning the courts. Thus, the court reasoned ". . . in determining whether all inmates have adequate access to the courts, the district court need not consider those inmates whose confinement is of a very temporary nature or for purposes of transfer to other institutions. The district judge should have very little difficulty, realizing

3

> the fundamental nature of the right of access, in determining those cases where the brevity of confinement does not permit sufficient time for prisoners to petition the courts."

*Magee*, 810 F.2d at 452 (quoting *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir. 1975)). More recently, the Fourth Circuit has stated that "[a] local facility need not provide the same resources, much less the same quality or extent of resources, as must a state facility, because the expectation is that its occupants will be confined there only briefly and that they will have access to more extensive resources upon arrival at a state correctional facility." *Strickler*, 989 F.2d at 1386.

In the case at bar, Plaintiff is being temporarily housed at the BCDC in relation to a family court proceeding. *See* Grievance Form at 1. The record does not indicate Plaintiff's exact date of incarceration. While Plaintiff alleges that the BCDC regularly holds pretrial detainees in excess of one year, he does not allege that he has been incarcerated for too long. *See, e.g., Jones v. Lexington County Det. Ctr.*, 586 F. Supp. 2d 444, 448 (D.S.C. 2008). Accordingly, Plaintiff's claim fails as a matter of law as "the law is quite clear that those being temporarily detained in county facilities . . . do not have a constitutional right to a law library." *Id.*; *see also Pearson v. Smith*, No. 4:07-3818-HFF-TER, 2008 WL 697166, at *4 (D.S.C. March 12, 2008) ("The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library."); *Wise v. Lexington County Sheriff's Dep't*, 4:06-1842-RBH, 2008 WL 551618, at *5 (D.S.C. Feb. 26, 2008) (similar holding).

Furthermore, Plaintiff has failed to show any "actual injury" resulting from this alleged lack of access to the courts or lack of legal materials. "An inmate does not have standing to allege a deprivation of his or her constitutional right to litigate unless he or she has suffered an

4

'actual injury.'" *Jones*, 586 F. Supp. 2d at 449 (*Lewis v. Casey*, 518 U.S. 343, 349 (1996)). As the Magistrate Judge correctly found, Plaintiff did not allege any specific injury in his original complaint. Plaintiff only now, in his objections, alleges injury stemming from his lack of access to the courts and legal materials. Even considering the alleged injuries set forth in Plaintiff's objections, the court finds that Plaintiff has still failed to allege sufficient "actual injury" in order to overcome the Magistrate Judge's recommendation of summary dismissal. Plaintiff stated the following in his objections regarding actual injury: "The Plaintiff's claim to specific harm is to his family court case (c/a no 96-DR-08-834-02), which in: the lack of adequate legal knowledge has resulted in an extended amount of time incarcerated." Obj. at 2. However, "[a]ctual injury cannot be established by conclusory statements that the inmate would have fared better in litigation had he or she had more or better access to legal research materials." *Jones*, 568 F. Supp. 2d at 448. Rather, as an example of sufficient "actual injury," an inmate "might show . . . that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm . . ., but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Lewis*, 518 U.S. at 351. Therefore, Plaintiff's conclusory statement that he has been incarcerated for an "extended" period of time due to his lack of access to a law library or legal materials is insufficient to show the "actual injury" required for his constitutional claim. The court is also unpersuaded by Plaintiff's argument that the Magistrate Judge's Report recommending summary dismissal serves as sufficient "actual injury" as "such a recommendation would not have been had the plaintiff the benefit of a careful review of the law and civil procedure when preparing his claim."

5

Obj. at 2. If a plaintiff were allowed to file a denial of access claim, then wait for the Magistrate Judge to recommend dismissal of that claim, and then assert the Magistrate Judge's recommendation as sufficient "actual injury" to support the original, underlying claim, the Constitution's "actual injury" requirement would be, for all practical purposes, rendered meaningless. Accordingly, the court overrules Plaintiff's objections regarding the "actual injury" requirement.

### **Conclusion**

The court has reviewed the Report, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, the above-captioned case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                                     s/R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
June 11, 2010